MINOTT v. NEW YORK TIMES CO.

(Supreme Court, Appellate Division, First Department. November 17, 1911.)

LIBEL AND SLANDER (§ 7*)—WORDS IMPUTING CRIME.

    A newspaper item, stating that plaintiff rented a house to negroes, that protest was made to police authorities that the house was occupied by disorderly persons and the occupants moved away, that complaints concerning disorder in the neighborhood were required to be made directly to police headquarters, that some of the property owners in the neighborhood were using the "negro scare" to induce adjacent owners to buy at an enhanced price, etc., is libelous, as charging by innuendo that plaintiff permitted her premises to be used as a disorderly house, and that she let them to disorderly persons and to negroes to extort money from neighboring owners.

    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 40; Dec. Dig. § 7.*]

Appeal from Special Term, New York County.

Action by Adena C. E. Minott against the New York Times Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Alfred A. Cook, for appellant.
Charles Goldzier, for respondent.

SCOTT, J. The action is for libel, and the demurrer, by calling in question the sufficiency of the complaint, asserts that the article complained of is not libelous. The article printed in the defendant's newspaper stated that property owners in West 136th street had organized and raised a fund to keep the negroes of "Little Africa," just east of Lenox avenue, from further encroachments upon the street. The article then proceeded as follows:

    "The first encroachment of negroes upon the exclusive residential section of 136th street, west of Lenox avenue, Mr. Taylor says, was when Mrs. Adena C. E. Minott, a negress, owning the house at 121 West 136th street, let it to negroes. Mr. Taylor says he protested to the police of the West 125th Street Station that the house was occupied by disorderly persons, but the police took no action, and he was informed none could be taken. Thereafter, he says, he addressed himself to the then Police Commissioner Baker,

and six days later the occupants of the house moved away. He says the residents of the section are now obliged to carry their complaints concerning disorder in the neighborhood directly to headquarters instead of to the West 125th Street Station.

"It is suspected, Mr. Taylor says, that there are some property owners who are using the 'negro scare' for financial gain, and contemplate renting their houses to negroes in order to induce owners of adjacent property to buy it at an enhanced price. The association, said Mr. Taylor, will spend the money subscribed by its members in getting evidence against these owners, and also in buying up, whenever possible, mortgages on the property. The $20,000 already subscribed was given by three members of the organization."

The innuendo alleges that it was charged by the article that:

"The said premises owned by this plaintiff were kept and permitted to be inhabited by her as a disorderly house, and that this plaintiff was guilty of the crime of keeping a disorderly house upon the said premises, and knowingly let to and permitted the said premises to be occupied by disorderly persons, and that upon complaint made to the police commissioner the tenants of the said premises were compelled to vacate the same, and that this plaintiff has let the said premises to disorderly persons and to negroes for the purpose of blackmail, and in order to extort from neighboring owners and tenants money as an inducement to cause the removal therefrom of such disorderly persons and tenants, and the said false and libelous article was extensively circulated and read by numerous persons."

If by any fair construction the article complained of will bear the interpretation placed upon it by the innuendo, it is certainly libelous. We think that it will bear such interpretation. It is clearly charged that plaintiff let her house to disorderly persons, which, if true, would be disgraceful, if not criminal; and in our opinion a jury would be justified in finding that it was intended by inference to charge plaintiff with acts which are perilously akin to blackmail.

For these reasons, the judgment appealed from must be affirmed, with costs, with leave to defendant within 20 days, and upon payment of the costs in this court and the court below, to withdraw the demurrer and to answer. All concur.