Wayne Damron, Plaintiff, *v.* Doubleday, Doran & Co., Inc., Defendant.
Wayne Damron, Plaintiff, *v.* Doubleday-Doran Book Shops, Inc., Defendant.
Wayne Damron, Plaintiff, *v.* Edna Ferber, Defendant.*

Supreme Court, New York County, November 8, 1928.

*A. Spotswood Campbell*, for the plaintiff.

*Kellogg, Emery & Inness-Brown* [*Robert H. Scholl* of counsel], for the defendants Doubleday-Doran & Co., Inc., and another.

*Greenbaum, Wolff & Ernst* [*Newman Levy* of counsel]; for the defendant Edna Ferber.

Gavegan, J. Defendants apply for judgment on the theory that plaintiff has not stated a cause of action. There are three actions, one against the author of a novel called "Show Boat," one against its publishers, and a third against a bookseller. In the story, which is spread over 398 pages, plaintiff's name is mentioned at one place, in a scene laid in Catlettsburg, Ky. He alleges that in this scene his name is used as that of one of the characters, and that he is made to appear as one of the characters. It is argued for plaintiff that, on the use at a single place in the book, without his consent, of a name by which he has been known, the name " Little Wayne Damron," he can base an action under sections 50 and 51 of the Civil Rights Law.† He is not seeking a decision that he has stated a cause of action for libel. The law affords him a remedy if he has been libeled. His present claim is that he has a case, even if he has not been libeled.

---

* Affd., 226 App. Div. 796.

† Section 51 of the Civil Rights Law was amended by chapter 501 of the Laws of 1921.— [Rep.

In 1902 the Court of Appeals, in the case of *Roberson* v. *Rochester Folding Box Co.* (171 N. Y. 538) denied an injunction to restrain the unauthorized publication and distribution of prints and photographs of a young woman in advertising flour. At the next session of the Legislature the statutory provisions on which plaintiff relies were adopted in their first form. They provide that " for advertising purposes," or " for the purposes of trade," the name or picture of a living person may not be used without his consent. Plaintiff asserts that his name is used in this book for the purposes of trade. The question is whether the reference to plaintiff at a single place in the book is a use for purposes of trade.

The Legislature, but not the courts, may widen the scope of the statute. We have only to consider whether in its present form it applies here. The decisions of our courts show that every unauthorized use of a name or picture in connection with trade or advertising does not imply a violation of the statute. Were it otherwise, many lines of business would have to be abandoned. The Legislature did not, for example, intend to stop the dissemination of " news " as a business in itself or as adjunct to the sale of advertising. The courts in this instance, as in all others, must seek the true intent of the legislation. The *Roberson* case indicates the mischief to be suppressed, and the enactment leaves it to the common sense of judges and courts to determine the extent to which it is intended that the remedy shall be applied. The law was not passed with the idea of interfering with the circulation of newspapers or the publication of books within proper limits, and the use of " local color " was not outlawed. It goes without saying that literary expediency may not be advanced as an excuse for violating the statute.

In determining whether a name or likeness is used primarily for advertising or trade, we may have to weigh the circumstances, the extent, degree or character of the use. It is well established that every incidental mention of some person's name in connection with advertising or trade does not constitute a violation of the provisions under consideration. The single appearance of plaintiff's name in this book is clearly not a use prohibited by the statute. Were we to take any other view, it is apparent that consequences never contemplated would follow from its enactment. It would indeed impose uncalled-for burden and hazard were we to hold that publishers and booksellers could not lawfully publish or deal in books without the production of genuine, written consents from every one mentioned even once, or that an author could not lawfully mention any one without like consent.

The applications to dismiss will be granted. Settle orders.