Thomas F. Noonan, J.
This is an application, under rule 112 of the Rules of Civil Practice, by the defendants Gardiner and Professional Journals, Inc., to dismiss the amended complaint for insufficiency upon its face.
The amended complaint is predicated upon an alleged violation of sections 50 and 51 of the Civil Rights Law. Plaintiff alleges that the moving defendants publish a journal or magazine which is widely circulated; that he, plaintiff, was attended and treated by two physicians, also named as defendants; that these physicians took certain photographs of plaintiff, at the commencement of the treatment, and again at the completion, *550 “ before and after ” pictures, and that these photographs, four in number, were published in the journal of the moving defendants ‘ ‘ as part of an article written and prepared by and bearing the by-line of said defendant doctors and bearing the title ‘ The Saddle Nose ’.” It is further alleged that this was knowingly done without plaintiff’s written or other consent, and that “ said use and publication of said pictures was for advertising purposes or purposes of trade.”
The contention of the moving defendants seems to be that it appears from the amended complaint that plaintiff’s pictures were not part of an advertisement, therefore, not used * ‘ for advertising purposes ”, notwithstanding the allegation therein that they were so used. This does not, however, appear and is not to be inferred from the amended complaint, which must be read broadly, not construed narrowly. It cannot be concluded, from the amended complaint, that the article was written and the photographs of plaintiff used strictly and solely for illustrative and scientific purposes. An article, even in a scientific publication, may be nothing more than someone’s advertisement in disguise. There are advertisements not directly paid for or not paid for at all. Publicity of a kind which is tantamount to concealed or subtle advertising is sometimes freely given, or exchanged for some immediate or remote benefit anticipated by the publisher. No hard and fast line can be drawn. Each case depends upon its own facts. That the article in hand, with its accompanying photographs of plaintiff, was published by the moving defendants to advertise the defendant physicians and their handiwork is a fair inference to be drawn from the amended complaint. Furthermore, the allegation that the “ use and publication of said pictures was for advertising purposes or purposes of trade ” is an allegation of ultimate fact when read in conjunction with other allegations of the amended complaint, particularly with the allegation, above quoted, that the photographs were “ part of an article * * * bearing the by-line of said defendant doctors and bearing the title, * The Saddle Nose ’.”
The amended complaint is therefore sufficient on its face, although it may appear at the tiral, from the evidence, that the photographs were used solely for illustrative or scientific purposes.
The motion to dismiss the amended complaint is denied. Order signed.