ELIZABETH CALLAS, an Infant, by Her Guardian ad Litem, PAUL CALLAS, Plaintiff, v. WHISPER, INC., et al., Defendants.

Supreme Court, Special Term, Kings County, November 6, 1950.

*Becker, Ross & Stone* for defendants.

*Kupfer & Levine* for plaintiff.

BELDOCK, J. Defendants move under subdivision 5 of rule 106 of the Rules of Civil Practice to dismiss the complaint for legal insufficiency.

The complaint alleges that defendant Harrison owned and published a group of magazines, one of which is called "Whisper" whose "articles, captions, sub-captions, photographs and contents sensationalized sexual diversion, sexual abnormalities, and lurid articles and photographs". The complaint further alleges that the defendant corporations and individuals had associated interests in such publication. It is asserted that these defendants conspired to induce the plaintiff, then eighteen years old, who was employed by one of them, to participate in a picture on the assurance that such picture was to be made "solely for the purpose of posing one Gene Haver and that said photograph or others or reproductions thereof of the infant plaintiff would not be used or published in any of their magazines or publications or elsewhere." These representations, it is alleged, were knowingly false and were made for the purpose of using plaintiff's photograph in the publication of the defendants without her consent and against her will and "for profit and commercial" advantage to the defendants which they derived therefrom. The complaint then indicates that the picture, a copy of which is annexed to and made part thereof, and the printed caption thereon as it appeared in the magazine were given wide circulation and were intended to and do portray to readers of the magazine the fact that the infant plaintiff was in a night club with a male companion and that she smoked and drank intoxicating beverages, which facts were untrue and were known by these defendants to be untrue.

The article complained of consists of photographs of a former pugilist who has achieved fame as a female impersonator. In some of the photographs this impersonator is shown in his fighting pose and attire; in others, he appears in female dress. In one, he is depicted in a night club where he is employed, and in the background and seated at the table at which he is standing are a man and a woman. The woman is the plaintiff in this action. In addition to the plaintiff, approximately five other persons are used as background material to provide the setting for this and other pictures on the page in the presentation of the story of this pugilist-female impersonator.

The statute (Civil Rights Law, §§ 50, 51) prohibits the use of a photograph "for advertising purposes, or for the purposes of trade". When the portrait or picture of a living person is used, it is not necessarily used for either purpose. The statute does not prohibit every use of the name, portrait or picture of a living person. (See *Binns* v. *Vitagraph Co.*, 210 N. Y. 51, 55–

56.) From what has been indicated above, this picture or photograph was not used for an advertising purpose or for trade purposes. (See *Colyer* v. *Fox Pub. Co.*, 162 App. Div. 297; *Wozney* v. *Crime Detective, Inc.*, N. Y. L. J. April 14, 1941, p. 1654, col. 5 [Sup. Ct., N. Y. Co., WASSERVOGEL, J.]; *Lahiri* v. *Daily Mirror*, 162 Misc. 776; *Wallach* v. *Bacharach*, 192 Misc. 979, affd. 274 App. Div. 919, and *Damron* v. *Doubleday, Doran & Co.*, 133 Misc. 302, affd. 226 App. Div. 796.)

Whatever other cause of action plaintiff may have, if the allegations of this complaint be true, she cannot avail herself of a right of action under the Civil Rights Law. The remedy provided by sections 50 and 51 is in derogation of the common law and must be strictly construed (*Wallach* v. *Bacharach, supra*). In determining whether or not this action may be maintained, it is immaterial whether the use by defendants of plaintiff's picture holds her up to ridicule or contempt, inasmuch as the action is not one brought for libel. (See *Binns* v. *Vitagraph Co., supra*.)

Plaintiff's contention that the sufficiency of her complaint was determined by another Justice of this court on a motion to separately state and number and to strike certain allegations of the complaint, is without merit. (See *Astoria Silk Works* v. *Plymouth Rubber Co.*, 126 App. Div. 18, and *Walter* v. *Fowler*, 85 N. Y. 621.)

In view of the foregoing, the motion to dismiss is granted. Submit order.