Hofstadter, J.
The defendants move to dismiss for insufficiency each of the two causes of action stated in the complaint, or in the alternative to strike certain allegations as irrelevant.
The first cause of action is brought under the Civil Eights Law (§§ 50, 51) for use of the plaintiff’s name for purposes of trade and the second for libel; both are founded essentially on the same facts.
The plaintiff conducts a gymnasium in the city of New York for the training of boxers and prize fighters, and his name has acquired an excellent world-wide reputation in connection with *110 the training of prize fighters and he has established a valuable good will. The defendants have produced and distributed a fictional dramatic motion picture entitled “ The Country Girl ”. As part of the fictional story one of the principal actors speaks words on the soundtrack to the effect that he could go to “ Stillman’s Gym and get a punch-drunk fighter.” The first cause of action alleges that this was a use of the plaintiff’s name for purposes of trade without his consent.
The defendants argue that the quoted words referred to the plaintiff’s gymnasium or business establishment, rather than to the plaintiff himself, and therefore their utterance did not constitute the use of the name of a living person. Even were it assumed that the plaintiff’s name was used, the question remains whether the use in the circumstances stated was for purposes of trade. The statute, enacted to protect the individual’s right of privacy, does not prohibit every use of his name. It condemns commercial exploitation. (See Gautier v. Pro-Football, 304 N. Y. 354.) There is no claim here that the motion picture featured or centered about the plaintiff. Nor is it suggested that his name was given to any of the characters in the picture. There was merely the single, passing reference which has been quoted.
In my opinion, the incidental and isolated mention of the plaintiff’s name in the circumstances stated may not fairly be viewed as a use forbidden by the statute. To do so would press the law to unreasonable and unwarranted lengths. The use here is somewhat similar to that in Merle v. Sociological Research Film Corp. (166 App. Div. 376) where the plaintiff’s building, bearing Ms name on its sign, was photographed and used in a motion picture. The court held that the use of the name was merely incidental to the use of the picture of the building and not a use of the name itself for the purpose of trade. Again in Wallach v. Bacharach (192 Misc. 979, affd. 274 App. Div. 919) the mention of the plaintiff’s name in a news report wholly unrelated to the defendant’s product but published in paid advertising space in juxtaposition to matter advertising the product, was held not to be a use of the name for advertising purposes. (See, also, Damron v. Doubleday, Doran & Co., 133 Misc. 302, affd. 226 App. Div. 796.) In my opinion the complaint does not state a cause of action for violation of the Civil Eights Law.
The second cause of action for libel repeats the allegations of the first cause of action. Among the allegations so repeated are *111 those which state that the words referring to “ Stillman’s ” were intended and understood by those viewing the picture and listening to the accompanying soundtrack to mean the plaintiff. There are further allegations that the plaintiff enjoys favorable repute and that neither he nor the business bearing his name has at any time catered to, harbored or been the gathering place for “punch-drunk” fighters, and that the matter published is false, libelous and defamatory and that the phrase “ punch-drunk fighter ” is accepted by the public as synonymous with “ derelict”, “bum” and descriptive of men who are degraded and despicable and was so used by the defendants and understood by the audience, the words having been spoken by the character in the picture as a disparaging comparison to another character who portrayed a chronic and psychopathic alcoholic.
The manner in which the plaintiff has pleaded the libel itself is somewhat equivocal. It is alleged that one of the principal actors speaks words to the effect that he could go to “Stillman’s Gym and get a punch-drunk fighter. ’ ’ The rule is, of course, that in an action for libel or slander the matter claimed to be defamatory must itself be pleaded in its entirety. (Al Raschid v. News Syndicate Co., 265 N. Y. 1, 5; Potash v. Sacks, 282 App. Div. 962; Crowell v. Schneider, 165 App. Div. 690; Durante v. Contanti, 130 Misc. 632.) The introductory phrase “ to the effect ” and the use of the third, rather than the first person, pronoun, seemingly point to nonobservance of the foregoing rule. Yet, the words “ Stillman’s Gym and get a punch-drunk fighter ” appear in quotation marks. Since the defendants have not raised the point, the court will assume that the complaint in form sufficiently pleads the matter charged to be libelous.
The complaint has no allegation of special damage. The defendants, contending that the words complained of, if libelous, refer to the plaintiff’s place of business and not to the plaintiff himself, invoke the principle that a libel on a business or product is actionable only when supported by an allegation of special damage. This principle is fortified by abundant authority and may be regarded as established. (Marlin Fire Arms Co. v. Shields, 171 N. Y. 384, 390; Merle v. Sociological Research Film Corp., 166 App. Div. 376, 379, supra: Phillipp Co. v. New Yorker Staats-Zeitung, 165 App. Div. 377; Kennedy v. Press Pub. Co., 41 Hun 422.)
The plaintiff, as stated, conducts a gymnasium for the training of prize fighters. Such a venture differs from an ordinary business establishment which sells goods. In reality, it furnishes *112 a service to its patrons. In this setting, the plaintiff, who runs it, is not readily to he separated from the service institution which bears his name. The matter complained of is read too narrowly when confined to the plaintiff’s business through the device of a sharp line of demarcation between him and his gymnasium. The courts recognize that the public often identifies a business or property with its owner and that a publication derogatory of the business or property may reflect adversely on the owner as well. Thus, in Merle v. Sociological Research Film Corp. (166 App. Div. 376, supra) already cited in another connection, the picturing of the factory building owned by the plaintiff as a source from which employees were recruited into white slave traffic was held a libel of the plaintiff, without any allegation of special damage. Similarly, a charge of unlawful activity such as gambling in a building has been held a libel of its owner. (Dexter v. Press Pub. Co., 36 Misc. 388; McClean v. New York Press Co., 19 N. Y. S. 262, 64 Hun 639; see, also, Minott v. New York Times Co., 146 App. Div. 857.) These authorities are especially applicable here because of the nature of the plaintiff’s occupation. If the publication injures him in his calling it is actionable. (Ben-Oliel v. Press Pub. Co., 251 N. Y. 250,255-256.) The statement is given neither a strained nor unwarranted meaning when held to refer to the plaintiff.
Finally, the defendants urge that the publication is not susceptible of the meaning given in the innuendo. In effect, the defendants assert that the innuendo pleads extrinsic facts, without which the publication is not defamatory, and that, under the doctrine of O’Connell v. Press Pub. Co. (214 N. Y. 352) no special damages having been alleged, the complaint must be held insufficient.
The function of the innuendo is to explain, not to expand the publication. “The plaintiff cannot enlarge or change the language used in the pamphlet by innuendo. The purpose of the innuendo is to explain the application of the words used. Words which are not libelous in themselves cannot be made so by innuendo.” (Hays v. American Defense Soc., 252 N. Y. 266, 269.) Does the innuendo here meet the test so laid down?
The alleged libel states that a punch-drunk fighter could be got at the plaintiff’s gymnasium. The meaning of a punch-drunk fighter as a derelict and degraded person and the context in which the expression was used, as set out in the complaint, have already been given. Quoting from dictionaries of American slang, the defendants attribute a different meaning to “punch-drunk.” They say it means merely a person dazed by the impact of blows. *113 Obviously, the term is not one in general use, having an accepted meaning. Were that the case, it might be argued with force that an innuendo purporting to read into the term something foreign to its accepted meaning was not a true innuendo at all. But that is not so here. However well-known the term may be to those who attend boxing bouts and prize fights or to sportsmen generally, it certainly is not one of whose meaning the court may take judicial notice. It is similar to a technical word or a colloquialism used in limited circles. What such words are intended and understood to mean on the given occasion must become the subject of proof. The meaning imputed to punch-drunk by the plaintiff’s innuendo may or may not be correct. The innuendo tenders the issue and, so long as the court may not say, as matter of law, that punch-drunk cannot have the meaning attributed by the plaintiff, the issue is for the trier of the facts.
The statement in the complaint that the words were spoken in the picture by one character as a disparaging comparison to another character portrayed as an alcoholic gives the context, which may so color what was said as to furnish an enlightening guide to the true meaning. It is not really a part of the innuendo proper, but rather an amplification of what was said in the picture. If the innuendo that derelicts are to be obtained at the plaintiff’s gymnasium is established, the language used may injure the plaintiff’s reputation as a trainer of prize fighters. That is enough to make it actionable.
The defendants have moved in the alternative to strike as irrelevant paragraphs Ninth, Sixteenth and Eighteenth of the complaint. Paragraph Ninth, part of the first and repeated in the second cause of action, alleges in substance that the reference to Stillman’s was a reference to the plaintiff. Since I have already decided that this is a permissible interpretation, the paragraph necessarily has a proper place in the complaint.
Paragraph Sixteenth alleges that neither the plaintiff nor the business bearing his name has at any time catered to, harbored or been the gathering place for punch-drunk fighters. Since the publication complained of implies the contrary, I regard this as a fuller statement of falsity, a necessary allegation in a complaint for libel. The concluding statement of the paragraph that the published matter is libelous, false and defamatory confirms this view. Paragraph Eighteenth, containing the innuendo and the reference to the incident of which the publication was a part has already been discussed in full. There is no valid ground to strike these paragraphs.
*114 The motion to dismiss the first cause of action is granted; the motions to dismiss the second cause of action and to strike portions of the complaint are denied. The plaintiff may serve an amended complaint within ten days after service of a copy of this order with notice of entry.