JOHN DALLESANDRO, Appellant, *v.* HENRY HOLT AND COMPANY INCORPORATED (Sued Herein as HENRY HOLT AND COMPANY, INC.), Respondent.

First Department, October 22, 1957.

*Irving Kwitter* of counsel (*Ira Bartfield* with him on the brief; *Irving Kwitter,* attorney), for appellant.

*Joseph R. Crowley* of counsel (*William E. Stockhausen* with him on the brief; *Satterlee, Warfield & Stephens,* attorneys), for respondent.

*Per Curiam.* Defendant displayed a picture on the cover of "Waterfront Priest", a book it published, that showed Father Corridan, the subject of the book, in conversation with plaintiff, a longshoreman and rank-and-file union member. We do not believe the use of this picture comes within the proscription of sections 50 and 51 of the Civil Rights Law.

A picture illustrating an article on a matter of public interest is not considered used for the purpose of trade or advertising within the prohibition of the statute (*Gautier* v. *Pro-Football,* 304 N. Y. 354, 359) unless it has no real relationship to the article (*Thompson* v. *Close-Up,* 277 App. Div. 848), or unless the article is an advertisement in disguise (*Griffin* v. *Medical Soc. of State of N. Y.,* 7 Misc 2d 549). It makes no difference whether the article appears in a newspaper (*Lahiri* v. *Daily Mirror,* 162 Misc. 776); a magazine (*Oma* v. *Hillman Periodicals,* 281 App. Div. 240); a newsreel (*Redmond* v. *Columbia Pictures Corp.,* 277 N. Y. 707); on television (*Gautier* v. *Pro-Football, supra*); in a motion picture (*Merle* v. *Sociological Research Corp.,* 166 App. Div. 376); or in a book (*Damron* v. *Doubleday Doran Co.,* 133 Misc. 302, affd. 226 App. Div. 796). The test of permissible use is not the currency of the publication in which the picture appears but whether it is illustrative of a matter of legitimate public interest (*Molony* v. *Boy Comics Publishers,* 277 App. Div. 166, 170; *Sidis* v. *F-R Pub. Corp.,* 113 F. 2d 806, cert. denied 311 U. S. 711).

The book here involved purports to be the true story of a priest's "one-man crusade against gangsterism and terror on the New York waterfront", and the book jacket showing the priest in earnest conversation with a longshoreman is an attempted pictorialization of the theme. "It is immaterial that its manner of use and placement was designed to sell the article so that it might be paid for and read" (*Oma* v. *Hillman Periodicals, supra,* p. 244). (See, also, *Humiston* v. *Universal Film Mfg. Co.,* 189 App. Div. 467.) The offending book jacket is annexed to the complaint, and since it appears therefrom that the use of the picture is not actionable under the Civil Rights Law, the complaint was properly dismissed without leave to amend (*Callas* v. *Whisper, Inc.,* 198 Misc. 829, affd. 278 App. Div. 974, affd. 303 N. Y. 759). The order appealed from should be affirmed.

Peck, P. J. (dissenting). The defendant's support of the decision below, dismissing the complaint, rests largely upon the decision of this court in *Oma* v. *Hillman Periodicals* (281 App. Div. 240) in which Mr. Justice Callahan and I dissented.

While I adhere to the view expressed in that dissent, I would not advance it again against the authority of the majority opinion if I thought the decision there was controlling here. There is undoubtedly a close resemblance between the two cases and perhaps the only difference is that the *Oma* case dealt with an article of current interest in a periodical while the present case relates to a book. I think there is a difference. Reporting of current events in newspapers and magazines has always been given special latitude in the allowable area of picturization under the Civil Rights Law. A book, however, although it deals with a subject of current interest, is more deliberate in its formation and permanent in its format. A book is not current in the same sense as a newspaper or a magazine.

Assuming that currency of interest of the subject matter warrants the use, in illustration of a magazine article, of a photograph of a person not connected with the text of the article, I can still see no justification for using the picture of such a person on the jacket of a book. I might add that the plaintiff in the *Oma* case (*supra*) was something of a " public figure " in the boxing world, which was under scrutiny and criticism in the article there involved, while the plaintiff here does not appear to be anything more than a rank-and-file worker on the waterfront. He is not otherwise identified with the subject or text of the book.

I regard the use of plaintiff's photograph in this case as being for the purposes of trade without claim on the consideration which has been extended to newspaper and magazine articles of current interest.

In my opinion the order appealed from should be reversed and the motion to dismiss the complaint denied. If the complaint were to be reinstated, paragraph 18 of the answer should then be struck as irrelevant to a complete defense.

BREITEL, BOTEIN, RABIN and FRANK, JJ., concur in *Per Curiam* opinion; PECK, P. J., dissents in opinion.

Judgment affirmed, with costs to respondent.