Anthony Di Gtovanna, J.
This is a motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. The following facts must be deemed to be true for the purposes of this motion: Plaintiff is an attorney at law for more than 30 years; the corporate defendant is a franchised dealer of the Ford Motor Company; the defendant Levine is the general manager of the corporate defendant; plaintiff and his law firm have represented franchised automobile dealers and allied automobile trades for many years and are known in business, legal and judicial circles as specialists in those fields and have established a reputation among those engaged in those fields for honesty, fidelity and integrity; the cornerstone of *740 plaintiff’s successful and lucrative law practice is his principle and practice of never becoming involved, financially or otherwise, except in his capacity as attorney, in any of his clients’ business activities so as to avoid any intimation that he was in competition with or had an interest in the trade or business itself.
It is the contention of the plaintiff that all of the foregoing was known to the corporate defendant and its officers, directors and stockholders who at one time or another were represented by plaintiff and his law firm.
It is further alleged that on December 1, 1960, for credit purposes and for purposes of trade, the defendants informed Dun and Bradstreet that the plaintiff was the treasurer and one of the three directors of the corporate defendant; that as a matter of fact plaintiff was never an officer or director of the corporate defendant and never interested in the corporate defendant as an attorney or otherwise; that the use of plaintiff’s name without written consent was entirely without the consent of the plaintiff and that its use by the defendants was unauthorized and forbidden by and pursuant to the provisions of section 51 of the Civil Bights Law.
It is further alleged that the use of plaintiff’s name has exposed him to ridicule and contempt and has caused plaintiff embarrassment and distress and greatly injured his good name, fame and reputation and has seriously damaged his relationship with clients. Damages are sought.
The defendants base this motion upon the proposition that the alleged invasion of plaintiff’s rights is not a prohibited act under either section 50 or 51 of the Civil Bights Law because the use of plaintiff’s name in the connection aforesaid was not advertising or trade.
Although not strictly submitted for use on this motion, the Dun and Bradstreet report dated June 12, 1961 was attached to papers used on other companion motions. It lists the plaintiff as treasurer of the corporate defendant as well as an officer. Concerning him, the report states: “ M. Coleman, not active in management, married, native born 1917. Practicing attorney, associated with law firm of Bubinton & Coleman, 32 Court Street, Brooklyn, N. Y. Active in advisory capacity for various concerns.”
The memorandum submitted by the defendants deals with cases in which the courts have held that the use of a name or a picture in the particular item under discussion did not constitute advertising or trade within the meaning of the statute. (Damron v. Doubleday, Doran Book Shops, 133 Misc. 302, affd. 226 App. Div. 796; Moglen v. Varsity Pajamas, 13 A D 2d 114,115; Callas *741 v. Whisper, 198 Misc. 829; Wallach v. Bacharach, 192 Misc. 979, affd. 274 App. Div. 919; Stillman v. Paramount Pictures Corp., 2 A D 2d 18, affd. 5 N Y 2d 994.) No case deals directly with the problem involved herein. Shorn of all the niceties of language, the complaint alleges that the defendants used the plaintiff’s name, reputation and known widespread legal talent in the automotive field for the purpose of conveying to those with whom they did business and to those from whom the defendants sought credit, the notion that the plaintiff was financially connected with the firm and was responsible for its business policies, all with the view of inducing the others, on the strength of plaintiff’s reputation, to impart credit to them. The granting of credit to the defendants was a means of doing business or trade; it enabled them to carry on business or trade, if the facts alleged in the complaint are deemed to be true. The circulation of the Dun and Bradstreet report, on the strength of the information imparted to Dun and Bradstreet by the defendants, is an advertisement because, based upon that circulation to those interested in the trade, the defendants sought credit.
It is my opinion that the complaint states facts sufficient to constitute a cause of action.
A companion motion has been made to dismiss the third-party complaint on the basis that it does not state facts sufficient to constitute a cause of action. Remembering that the complaint is based upon an allegation that the defendants informed Dun and Bradstreet that plaintiff was an officer and director, the third-party complaint claims that if Dun and Bradstreet acted on that information, it is the active participant and the defendants the passive participant in the wrong committed upon the plaintiff. The defendants therefore seek judgment over against the third-party defendant.
In my opinion the third-party complaint fails to state facts sufficient to constitute a cause of action and is hereby dismissed.