Arthur G. Klein, J.
Motion to strike the defendants Universal Photo Books, Inc., Verían Books, Inc., and S. D. Uslan’s answer, to grant summary judgment to plaintiff, and to set the matter down for an inquest and assessment of damages is denied.
Plaintiff, a minor and movie star and model of some repute, seeks an injunction and money damages based upon defendants’ admitted use of her name and picture in a book published by defendant Universal Photo Books, Inc., entitled “ The Minox Manual It is apparently admitted by plaintiff that defendants Verían Books, Inc., and S. D. Uslan were improperly joined herein. The photograph concerned is one of four contained on page 119 of the book, which book retails for $4.95 and contains instructions for operating the Minox miniature camera. The photograph shows plaintiff using one of the cameras, and the caption indicates that the four pictures are representative of many taken by plaintiff and another while making a motion picture. Plaintiff’s name is apparently not used elsewhere in the book, on the book’s jacket, in the table of contents, or in advertisements for the book. It is uncontested that no written consent was granted by plaintiff for the use of her picture in the manner here concerned. Defendants claim an oral consent granted by plaintiff for use in a publication entitled “ Minox Memo ”, published by defendants Minox Processing Laboratories, Inc., and Klirig Photo Corporation. However, no written consent of plaintiff’s parent or guardian is alleged (Civil Rights Law, § 50).
Defendants contend that the use of the picture and of plaintiff’s name was not in commerce or trade, but, only incidentally, in an educational publication. Whether the book concerned is in whole or part a promotional publication for the Minox camera or its accessories is not properly determinable by this court on this motion; and a clear conflict exists on this issue between the parties. The Civil Rights Law does not prohibit all unauthorized use of another’s name or picture (Cardy v. Maxwell, 9 Misc 2d 329), particularly where the person concerned is a public *61 figure (Dallesandro v. Holt & Co., 4 A D 2d 470; Wallach v. Bacharach, 192 Misc. 979, affd. 274 App. Div. 919; Goelet v. Confidential, Inc., 5 A D 2d 226). A merely incidental use of one’s name not for the purposes of advertising or trade is not prohibited (Damron v. Doubleday, Doran & Co., 133 Misc. 302; Stillman v. Paramount Pictures Corp., 1 Misc 2d 108, mod. on other grounds 2 A D 2d 18, affd. 5 N Y2d 994). This court is not holding that a public figure has no right of privacy (Booth v. Curtis Pub. Co., 15 A D 2d 343 and cases cited at p. 351; Gautier v. Pro-Football, 304 N. Y. 354, 358). Griffin v. Medical Soc. of State of N. Y. (7 Misc 2d 549) cited by plaintiff, is inapposite. There the court held only that an issue of fact was raised, and the complaint would not be dismissed where it alleged the use of the not well-known plaintiff’s picture commercially. There is no mention in the instant case of any statement by defendants indicating plaintiff’s indorsement of the camera; and any implication thereof plaintiff seeks to draw raises a question of fact for a trial court to determine (Jansen v. Hilo Packing Co., 116 N. Y. S. 2d 251).