Perry KLEIN, Plaintiff,

v.

McGRAW–HILL, INC., et al., Defendants.

Civ. A. No. 967–64.

United States District Court
District of Columbia.

Sept. 28, 1966.

Samuel C. Klein, Washington, D. C., for plaintiff.

John E. Powell, Washington, D. C., for defendants.

OPINION

HOLTZOFF, District Judge.

This is an action for the invasion of a right of privacy. The defendants move for summary judgment.

The plaintiff is a young man, who as a high school student made an important advance in radio communication in connection with the operation of amateur radio equipment at his home in Maryland. He received considerable publicity and was accorded credit for his work by the Massachusetts Institute of Technology. In connection with contemporaneous publicity, photographers took his photograph. Some time later the defendant McGraw-Hill, a publisher with headquarters in New York City, published a textbook entitled "Understanding Radio". This textbook was intended for beginners and persons interested in radio generally. As a frontispiece a photograph of the plaintiff, taken at the time his work received public notice, was included in this book, with an explanation on the page following the title page and a brief summary of what the plaintiff had accomplished.

This action was thereupon brought to recover damages on the ground that by publishing this photograph the defendant McGraw-Hill invaded the plaintiff's right of privacy. There was joined as an additional defendant, Wide World Photos, Inc., which had originally taken the photograph without any objection on the plaintiff's part, and which sold a print to McGraw-Hill.

The right of privacy has been recognized by law, both in New York and in the District of Columbia. It is claimed in behalf of the plaintiff that this action is governed by the substantive law of New York. Assuming this to be the case, without deciding the point, we turn to the New York law. The right of privacy under the New York law has become statutory. It is found in the Civil Rights Act of the Consolidated Laws of New York, McKinney's Consol.Laws, c. 6. Section 50 makes it a misdemeanor for a person to use the name, portrait, or

picture of any living person for advertising purposes or for the purposes of trade without having first obtained his written consent or, if a minor, the consent of his parent or guardian. The section immediately following, Section 51, creates a cause of action for an injunction and damages for use of anyone's name, portrait, or picture for advertising purposes or for the purposes of trade, without his consent or the consent of his parent or guardian.

■ It is important to emphasize that what the New York law bans is the use of the name, portrait, or picture of any living person for advertising purposes or for the purposes of trade. Obviously the photograph in this instance is not used for advertising purposes. So, too, it is a far-fetched contention that it is used for purposes of trade merely because it is employed to illustrate a book dealing with the subject to which the plaintiff has made important contributions.

A late expression and summary of the New York law on this subject is found in a decision rendered by the Appellate Division of the Supreme Court of the State of New York in 1957, in Dallesandro v. Henry Holt & Co., 4 A.D.2d 470, 166 N.Y.S.2d 805. In that case the defendant, a publisher, published a book entitled "Waterfront Priest", which described a crusade against gangsterism and terror on the New York waterfront, that was being conducted by a priest whose name was Father Corrigan. The book contains a photograph showing Father Corrigan in conversation with the plaintiff, who was a longshoreman and a union member. The Court held that such use of the plaintiff's photograph did not come within the proscription of the New York Civil Rights law. In discussing this matter the Court stated:

"A picture illustrating an article on a matter of public interest is not considered used for the purpose of trade or advertising within the prohibition of the statute unless it has no real relationship to the article or

unless the article is an advertisement in disguise. It makes no difference whether the article appears in a newspaper, a magazine, a newsreel, on television, in a motion picture, or in a book. The test of permissible use is not the currency of the publication in which the picture appears but whether it is illustrative of a matter of legitimate public interest." .

■ In addition to these considerations it must be observed that the plaintiff in this action by reason of his contribution to radio and the consequent publicity, had become a public figure. Therefore, he was not entitled to privacy to the same extent as an ordinary member of the public concerning whom there is no legitimate public interest. Even if we were not limited by the New York law and if this case were to be determined by the law of privacy generally, the same result would be reached.

■ The law of privacy is recognized in the District of Columbia, but again it is subject to the exception that a person whose activities have become part of the public domain is not entitled to the same degree of privacy as an ordinary average individual who has received no public attention whatever and as to whom there is no legitimate reason for any public interest. Peay v. Curtis Publishing Co., D.C., 78 F.Supp. 305. The latest expression of the Court of Appeals for this Circuit on this point is found in Johnson v. Evening Star Newspaper Co., 120 U.S. App.D.C. 122, 344 F.2d 507. The Court referred to the fact that the events narrated in the publication to which the plaintiff objected were in the public domain and were of news interest, and that the identifying details were incidental to the story and were not an enlargement that carried the publication beyond legitimate bounds.

■ In this case the events referred to in the book are matters of public interest and the narrative was not carried beyond proper bounds. The fact that it was illustrated by the plaintiff's photograph is not an invasion of any of

his rights. It may not be amiss to add that both the photograph and the short description of the plaintiff's activities are highly flattering to him. He apparently feels, however, that he should be compensated and possibly share in the profits of the book merely because his photograph was used. The Court disagrees.

The defendants' motion for summary judgment is granted.