MILTON H. WALLACH, Plaintiff, *v.* BERT BACHARACH et al., Defendants.

Supreme Court, Special Term, New York County, May 27, 1948.

*Sidney J. Loeb* and *Benjamin Goldbaum* for plaintiff.

*Joseph K. Reichbart* for defendants.

SCHREIBER, J. The motion for summary judgment, dismissing the complaint, is granted.

The objections raised in the affidavit in opposition (but not referred to in the brief) that summary judgment, pursuant to rule 113 of the Rules of Civil Practice, does not lie in this type of action is without merit (*Grossman* v. *Frederick Bros. Artists Corp.,* 34 N. Y. S. 2d 785). The disposition of the motion for judgment on the pleadings is not controlling, for that motion was decided on the pleadings alone.

The action arises out of an advertisement, of a form perhaps increasingly frequent, in which there appears, in space paid for by the advertiser, in addition to matter related to the advertiser's product or business, entirely independent matter, designed to attract attention to the advertising matter, but consisting of commentary or news reports wholly unrelated to the advertiser's product or business.

The motion presents the interesting question of law, apparently not hitherto adjudicated, whether the incidental mention

of a person's name in such commentary or news report constitutes a " use " of such name " for advertising purposes or for the purposes of trade " within the meaning of sections 50 and 51 of the Civil Rights Law, making such use, without written consent, a misdemeanor, and creating liability for damages therefor. Aside from statute there is no " right of privacy " (*Roberson* v. *Rochester Folding Box Co.*, 171 N. Y. 538). " In determining whether a name or likeness is used primarily for advertising or trade, we may have to weigh the circumstances, the extent, degree or character of the use. It is well established that every incidental mention of some person's name in connection with advertising or trade does not constitute a violation of the provisions under consideration." (*Damron* v. *Doubleday, Doran & Co.*, 133 Misc. 302, 303, affd. 226 App. Div. 796.) Having regard to the history of the enactment of the statute (which resulted from the case of *Roberson* v. *Rochester Folding Box Co.*, *supra*) its caption (" § 50. Right of Privacy ") and the propriety, in the light of its penal consequences of its strict construction, it cannot be said, in the opinion of the court, that it was the intention of the Legislature to prohibit the mention, otherwise lawful, of a person's name in a commentary or news report unrelated to the advertising of any product or business, merely because such news or commentary appears in paid advertising space and in physical juxtaposition to advertising matter.

Settle order.