**MILNER et al. v. RED RIVER VALLEY PUB. CO., Inc.**

No. 14519.

Court of Civil Appeals of Texas. Dallas.
April 25, 1952.

Rehearing Denied May 30, 1952.

———◆———

Robert L. Doss, Denison, for appellants.

Gillespie & Gillespie, Sherman, for appellee.

CRAMER, Justice.

This is an action for damages based upon an alleged violation of appellants' right of privacy. Appellants are the wife, children, father and mother of Ben Milner, deceased. Appellee publishes the Sherman Daily Democrat, a newspaper of large general circulation in the City of Sherman and its trade territory, and in the afternoon edition of its paper dated July 1, 1949, published the following item, to wit:

"SHERMAN MAN IS KILLED IN WRECK AT GAINESVILLE.

"Ben Milner, 30, Sherman truck operator and World War II veteran, was killed at 5 a. m. Friday when his car overturned after failing to make a curve on Highway 82, immediately west of Gainesville city limits. E. T. Murphy, 37, Milner's brother-in-law, who was critically injured in the accident, was reported near death at Noon Friday in a Gainesville hospital. The accident took place on a detour which curves off the highway where an overpass is under construction. MILNER WAS ONE OF A GROUP OF GRAYSON COUNTY MEN WHO WERE INDICTED LAST YEAR IN COLLIN COUNTY GRAIN THEFT CASES. HE WAS THE SECOND OF THE GROUP TO DIE IN A TRAFFIC ACCIDENT. THE FIRST DEATH TOOK PLACE LAST FALL WHEN A TRUCK BURNED AFTER OVERTURNING ON AN EAST COAST HIGHWAY.

"Funeral services for Milner were pending Friday noon at the Dannel Funeral Home. He was the son of Mr. and Mrs. C. W. Milner of Gunter. He attended

Gunter schools and was a member of the Gunter Baptist Church. Besides his parents, he is survived by his wife, the former Miss Mildred Popplewell of Sherman, a small son, a brother, C. W. Milner, Jr. of Sherman, and five sisters, Mrs. Juanita Smith of Sherman, Mrs. Wynell Purdom and Miss Betty Milner of Dallas and Misses Billie and Lucile Milner of Gunter. Milner's death was the second within 24 hours on Cooke County highways. Robert Frazer, 24, an oilfield worker, was killed near St. Jo., when four sections of oil pipe casing fell from a truck, striking his head." (Capitalization ours.)

There is no contention that such article did not recite true facts; appellants' contention is that the capitalized paragraph, even though true, is an invasion of their right of privacy, and they seek a recovery of damages for their great "embarrassment, humiliation and mortification" caused by such brutal, heartless, outrageous, wicked and vicious act for which there could be no possible justification or excuse, and that the publication thereof was a flagrant abuse of their rights and was a ruthless and shocking intrusion upon their right to mourn their beloved husband, father and son unmolested by such inexcusable and offensive publicity and reprehensive, outrageous, and contemptible assault upon their feelings; that in publishing and circulating such an odious attack upon them while they were in the depths of their great mourning and profound grief, and circulating the same, was an invasion of their right to be left alone during their dark period of extreme shock and sorrow over the untimely and tragic death of their husband, father and son and constituted an actionable invasion of their right of privacy without justifiable cause. Appellants sought damages of $25,000 for actual, and $25,000 for exemplary, damages to the wife and children and the same amounts were also claimed by the father and mother. Defendant answered by exceptions, general denial, and general answer that the story which it ran in its paper on July 1st was a story of the usual type run by newspapers upon a death in an automobile accident, and the matter published therein with reference to Milner's indict-

ment in connection with the Collin County grain theft cases was true and was published as a means of identifying the deceased by reference to his past record and history. That such means of identification is customary among the newspapers of Texas and the nation, and there is nothing in connection with said reference and history which in any way indicates any intention to injure the deceased or his family. That said publication and particularly the portion complained of by plaintiffs was a matter shown by the records of the 59th Judicial District Court in Collin County, Texas, and that as such, such item was expressly privileged for publication by the papers by the statutes of Texas; that said item was not a matter of private interest in which the plaintiffs or any other parties had any private rights, but in fact such item was a public matter either known to, or the knowledge of which was available to, the general public through said court records.

Appellee also pled that the deceased became, prior to his death, a "figure of public interest and that by the manner of his untimely death in an automobile accident, he further became a figure of public interest, and that which death and the manner in which he was killed, was an item of news which defendant, as the publisher of a daily newspaper, was obligated to carry for the information of its subscribers. Defendant further alleges that the references to Ben Milner's past history were references to public information shown by the court records of the 59th Judicial District Court in Collin County; that such references were made for the purposes of identifying the deceased and informing the public of the final disposition of the indictment then pending against the said Ben Milner. Such statements were true statements of matters generally known to the public in Grayson County, and as such constituted the publication of a public matter rather than a private matter, which, under the statutes of Texas, constituted a privileged publication, and as such, could not constitute an invasion of any rights of privacy of plaintiffs."

After the answer was filed, the publishers of Sherman Daily Democrat made a motion for summary judgment; each party filed

affidavits and thereafter, on the hearing, the motion was sustained and a summary take nothing judgment was entered. Mrs. Milner and the other appellees have duly perfected their appeal from such judgment.

Appellants brief one point of error, to wit:

"Appellants having a cause of action, or at least the law as to whether such a cause of action exists being unsettled, the trial court erred in granting appellee's motion for summary judgment."

Appellee counters that since there was no genuine issue on a material fact, the court's judgment on its motion was proper.

■ Appellants' asserted cause of action was for the violation of the right of privacy, as such. The right of privacy is defined as a personal right protecting the individual's "right to be let alone." Generally speaking, it is a wrongful invasion of that personal privacy which a person has as a part of his private life. The protection of a portion of such right is found under the common law, and in our statutes, under such classification as libel and slander, wrongful search and seizure, compulsory physical examinations, eavesdropping by others, property rights in one's own literary works, wire tapping, and other similar invasions into the private business and personal affairs of an individual in being.

■ It was not until 1890, in an Article in 4 Harvard Law Review 193, that the right of privacy, as such, was recognized by any law writer of note. The right of privacy, as such, was not a common law right. Wilson v. Brown, 189 Misc. 79, 73 N.Y.S.2d 587; Wallach v. Bacharach, 192 Misc. 979, 80 N.Y.S.2d 37, affirmed 274 App.Div. 919, 84 N.Y.S.2d 894; In re Hart's Estate, 193 Misc. 884, 83 N.Y.S.2d 635.

Since the publication of the article in the Harvard Law Review, supra, such right has been recognized by a few of the States, but denied by many other States. See 54 Cor.Jur. 816, Right of Privacy; 41 Am.Jur. 926, sec. 4, Privacy; 18 Texas Law Review 356; 21 Texas Law Review 103.

So far as we can ascertain, the question has never been passed upon in Texas.

■ Our Texas courts are limited to the enforcement of rights under the common law as it existed on January 20, 1840, unless changed, modified, added to, or repealed by statute. Art. 1, V.A.T.S.; 9 Tex.Jur. 306–8, Common and Civil Law, secs. 8 and 9; 16 Am.Jur., Privacy, sec. 16, p. 936.

■ The right of privacy as such not being recognized under the common law, as it existed when we adopted it, and our Legislature not having given such right by statute, no recovery can be had in Texas under the facts in this record. It may be noted that our Legislature has given a limited right of action under our libel statute, Art. 5430, V.T.S., for the publication of written or printed statements which blacken "the memory of the dead."

■ If the pleadings here could be construed to allege facts which bring this case within the provisions of Art. 5430, the summary judgment must still be sustained for the reason that appellee pled the truth of the statements here in evidence and it is undisputed that the printed paragraph, complained of by appellants, was true. The truth of the printed matter involved was a complete defense to appellants' cause of action for libel, under the circumstances here. Art. 5431, V.T.S.; Clough v. News Publishing Co., Tex.Civ. App., 58 S.W.2d 1033.

Under no theory presented do the facts relied upon by appellants constitute a cause of action against appellee.

There being no reversible error in the judgment of the district court, it should be, and it is

Affirmed.