## McCULLAGH

v.

## HOUSTON CHRONICLE PUBLISHING CO.

No. 14627.

United States Court of Appeals
Fifth Circuit.

March 12, 1954.

Rehearing Denied April 9, 1954.

Bennett B. Patterson, Cole, Patterson, Cole & McDaniel, Houston, Tex., for appellant; Joseph Kirchheimer, John L. Russell, Houston, Tex., of counsel.

Dwight H. Austin, Houston, Tex., for appellee; Liddell, Austin, Dawson & Huggins, Houston, Tex., of counsel.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This is a tort action instituted by appellant, a citizen of Great Britain, against the appellee, a corporate citizen of Houston, Texas, for damages sustained by her as the result of a news story and a caricature in the newspaper of appellee. The court sustained appellee's motion to dismiss on the ground that the petition failed to state a claim upon which relief could be granted. Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

On January 22, 1951, the appellant, a dancing instructor, received a minor injury while riding as a passenger in a bus of the Houston Transit Company. Subsequently, she filed suit for personal injuries against said company, and the next day the Houston Chronicle, a daily newspaper with a wide circulation, carried on page one of its Sunday edition a story concerning the suit, along with a cartoon or caricature depicting the plaintiff dancing with an animated bus. The headlines of the column read as follows: "Asks $132,500 for 'Unreasonable Jerk.' Bus Skips, Dancer Flips, Suit Nips." Appellant also complains of the following phraseology in the article: "A Houston Transit Company bus that did the boomps-a-daisy when it should have been doing a smooth waltz caused a 45-year-old English dancing teacher to file a $132,500 damage suit in federal court Saturday. The lady claimed she did a very ungraceful adagio flip half way up the aisle of a jerky bus * * *" The appellant seeks recovery based on a theory of libel and on a second theory that the article invaded her right of privacy.

■ Libel in Texas has an exclusive statutory definition. The statute, in substance, provides that libel is a defamation expressed in writing or drawing, tending to injure the reputation of one who is alive, thereby exposing him to public hatred, contempt, ridicule, or financial injury, or tending to impeach the honesty, integrity, or reputation of anyone. Article 5430 of Vernon's Ann.Texas Civil Statutes. The courts of Texas have construed said statute to mean that there can be no libel unless the publication claimed to be libelous be a defamation tending to injure or impeach the reputation of the person claimed to have been libeled. Snider v. Leatherwood, Tex.Civ. App., 49 S.W.2d 1107. The appellant does not allege that the article impeached or injured her reputation, and there is no allegation that it impeached her honesty, integrity, or virtue. She alleges only that such caricature and article were defamatory of her, held her up to ridicule, and were libelous because of such fact.

■■ A careful examination of the publication complained of convinces us that it fails to contain anything that is defamatory or has a tendency to injure the appellant's reputation. It may be that she has been made the subject of some ridicule but, according to Texas law, this does not give rise to a cause of action for libel. Sweeney v. Caller-Times Pub. Co., D.C., 41 F.Supp. 163.

■ The law of Texas does not recognize a cause of action for a breach of a right of privacy. Some of the earlier Texas cases had inferred that such a cause of action might lie, but the Texas court in Milner v. Red River Valley Publishing Co., Tex.Civ.App., 249 S.W.2d 227, categorically denied the existence of a cause of action on this theory, and held that any right of this nature must arise under the libel statutes. The decisions of Texas courts have foreclosed any cause of action based on the invasion of privacy, and we are constrained to concur in the judgment of the court below. Guisti v. Galveston Tribune, 105 Tex. 497, 150 S.W. 874; Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S.W.2d 246, 146 A.L.R. 732; Harned v. E-Z Finance Co., Tex.Sup., 254 S.W.2d 81. Cf.

O'Brien v. Pabst Sales Co., 5 Cir., 124 F.2d 167.

The judgment appealed from is affirmed.

Affirmed.