JOSEPH C. FLORES, Respondent-Appellant, *v.* MOSLER SAFE COMPANY, Appellant-Respondent.

Third Department, February 5, 1959.

*Pfeiffer & Crames (Alexander Pfeiffer* and *Boris S. Berkovitch* of counsel), for appellant-respondent.

*John J. O'Malley* for respondent-appellant.

GIBSON, J. Defendant moved to dismiss the complaint as insufficient in law. The motion was granted as to a cause of action for libel and denied as to a cause of action for violation of privacy under the Civil Rights Law (§§ 50, 51). Both parties have appealed.

There was published in a New York newspaper a three-column photograph of a burning building, captioned " 2 Men Searching for Keys Start Broadway Loft Fire ". The news story beneath the picture described a rather extensive fire, stating that it was produced by two men searching for keys with lighted matches, which ignited nylon netting; and it named plaintiff as one of the two men. In the article, plaintiff's name was mentioned three times and his residence and occupation were stated, as was the nature of the business which caused his presence in the building at the time. The defendant, alleged to be engaged in the manufacture and sale of safes and vaults, reproduced the photograph, captions and news story, adding, below the text, advertising material setting forth, among other things, the " dangerous risk " of keeping business records in inadequate safes. The complaint alleges that defendant widely circulated the news story, picture and subjoined advertising matter, for the purpose of advertising its business and products and further averred (in the cause of action under the Civil Rights Law) that this material was thus used and circulated, without plaintiff's consent, for advertising purposes and for the purposes of trade.

The cause of action for libel was properly dismissed. At most, plaintiff was accused of a single and isolated careless or negligent act not libelous per se (*Smith* v. *Staten Is. Advance Co.*, 194 Misc. 299, 301, affd. 276 App. Div. 978) nor rendered actionable by any suggested relation to plaintiff's occupation as a motel operator (*Gurtler* v. *Union Parts Mfg. Co.*, 285 App. Div. 643, 646, affd. 1 N Y 2d 5, citing Seelman, Law of Libel and Slander, pp. 613, 691). Neither may the innuendo pleaded serve to " enlarge or change the language used ". (*Hays* v. *American Defense Soc.*, 252 N. Y. 266, 269.)

The motion to dismiss the cause of action under the Civil Rights Law was properly denied. The use of the name of a living person, without his written consent, "for advertising purposes, or for the purposes of trade", is made a misdemeanor (Civil Rights Law, § 50) and gives rise to causes of action for injunctive relief and for damages (id., § 51). The complaint sufficiently alleges defendant's purposes as those made unlawful by the statute.

Defendant urges that the factual situation takes the case without the ambit of the statute; but this is not the case of a name or picture and an advertisement in physical juxtaposition purely coincidental (*Gautier* v. *Pro-Foot-Ball*, 304 N. Y. 354, 359) nor that of the merely "incidental" mention of a name, in a news report "wholly unrelated to the advertiser's product" (*Wallach* v. *Bacharach*, 192 Misc. 979, affd. 274 App. Div. 919). On the contrary, the selection of the news story and the juxtaposition of the advertising material were obviously deliberate; and the subject of the news item — a destructive fire — was, of course, directly linked by defendant to its advertising. Plaintiff's supposed participation was a part of the story and his name was repeatedly mentioned. Defendant elected to reproduce the article in full, although the picture and its caption would alone have made the point which defendant now asserts; and it could be found that, to attract greater attention to the news item and thence to the advertising, defendant chose to publicize the references to plaintiff and his companion in the interests of realism and, perhaps, as lending additional color to the account, and, further, as illustrative of the ease with which a destructive fire started as the result of the careless acts of the individuals named. Certainly, we may not hold, as a matter of law, that the use of plaintiff's name was not within the contemplation of the statute.

The order should be affirmed, with $10 costs.

Foster, P. J., Bergan and Herlihy, JJ., concur.

Order affirmed, with $10 costs.