Lloyd BILLINGS, Appellant,

v.

Norman E. ATKINSON et al., Appellees.

No. 15754.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Sept. 9, 1971.

Rehearing Denied Oct. 7, 1971.

Ronald G. Byrnes, Houston, Jack M. Finley, Gladewater, for appellant.

James M. Shatto, Alex Guevara, Jr., Sears & Burns, Houston (Will Sears, Houston, of counsel), for appellee, Southwestern Bell Telephone Co.

PEDEN, Justice.

Suit for actual and exemplary damages filed by Lloyd Billings against Norman E. Atkinson and his former employer, Southwestern Bell Telephone Company, for Atkinson's having allegedly installed or repaired a wire tap device on the telephone line at Billings' home. The cause was tried before a jury. At the close of the plaintiff's evidence, the trial judge granted a Telephone Company motion to withdraw the case from the jury and render judgment in its favor, and, after receiving the jury's verdict, he granted the motion of Defendant Atkinson for judgment non obstante verdicto. Billings appealed from the entry of judgment in favor of each defendant.

The appellant's wife testified that no trouble was had on the Billings' home telephone service until June 7, 1967, when

Mrs. Billings began to hear a loud, popping noise while talking on her telephone to a neighbor. She could see a Telephone Company man working at a terminal box on the telephone pole behind her home at the time. She could still hear her neighbor's voice, but not very well. She hung up and walked over to the neighbor's house to finish the conversation, walking past the repairman, who said he was sorry about the noise he had made on the line. Later that day the appellant called his wife at their home by telephone and the line was so noisy that they could not complete their conversation. He reported the difficulty to the Telephone Company. The next day another Telephone Co. man came out and put their telephone in working order. A Telephone Co. representative then called Mrs. Billings, told her their line had been tapped and asked if they knew of anyone who would do this.

On June 17, 1967, Mrs. Billings again saw the same man she had first seen on the pole behind her home. She saw the license number on the truck he was driving and furnished it to the Telephone Co., which was able to identify him as Norman E. Atkinson. When Mrs. Billings saw Atkinson on June 17, he again climbed the telephone pole behind her home, looked into the terminal box and rapidly departed.

The record shows that the Telephone Co. found a small device in the terminal box which would have, if properly attached to the Billings' telephone wires, transmitted by frequency modulation radio their conversations. The record does not show that the device ever transmitted any messages.

Appellant's first point of error is that the trial court erred in dismissing the Telephone Co. from the suit because the evidence raised three fact issues: 1) Atkinson was in the course and scope of his employment for the Telephone Co. at the time he attached the device to Billings' telephone, 2) the Telephone Co. ratified the actions of Atkinson by its actions, statements and conduct after the device was

discovered and 3) the Telephone Co. breached its contract with Billings to give him a private telephone.

■ We overrule the first point of error. As to the first item under it, the appellant seeks to rely on the fact that when it is shown that a truck was owned by a defendant and the driver was in the employ of that defendant, then a presumption arises that the driver was acting within the scope of his employment for the defendant when the accident occurred. Here the appellant is not complaining of a tort committed by Atkinson while he was driving the Telephone Co. truck. However, even if we considered that a presumption was raised that he was acting within the scope of his employment for the company by the proof that he was regularly employed by it and was working from its truck when he attempted to install or repair the wire tap we hold that such presumption was rebutted by the evidence in this case and that it was not supported by any other affirmative evidence.

■ In examining the evidence to determine whether the presumption in question was rebutted, we are not limited to the evidence favorable to the appellant-plaintiff. The burden of presenting evidence to raise the issue remains on him, and there must be some evidence that Atkinson was acting in behalf of the Telephone Co. when he attempted to install or repair the wire tap if submission of the issue is to be supported. Robertson Tank Lines, Inc. v. Van Cleave, 468 S.W.2d 354 (Tex.Sup. 1971).

The Telephone Co. admitted that Atkinson was in its employ on June 7, 1967, the day Mrs. Billings saw him on the telephone pole behind her home, that a wire tap device was attached to the private telephone line located behind the Billings' home where it was found on June 7 or 8, 1967 by a Telephone Co. employee other than Atkinson after Mr. Billings reported to the company that his telephone was out of order.

It is noted that it was the appellant who introduced in evidence these answers given by the Telephone Co. to interrogatories: 1) the Telephone Company was not tapping the telephone wire in question at all and did not authorize it, consent to it or even know of its occurrence until after it had occurred and 2) Atkinson was authorized to use the truck in question only in furtherance of duties assigned to him by the company.

There is also uncontroverted evidence in the record that when Atkinson was on the telephone pole behind the Billings' home, he was not within his normal work district, that he was not working out of the work district office which covers the area in question, that he was attempting to violate a Federal penal statute and was violating his employer's orders.

■ In the second item under appellant's first point of error he contends that a fact issue was raised as to whether the Telephone Co. ratified Atkinson's actions by its action, statements and conduct after the wire tap was discovered.

The evidence touching on this matter is almost entirey undisputed. When the company investigated the cause of the trouble on the wire and found the wire tap, it notified the appellant and told him it was reporting the matter to the F. B. I. When Mrs. Billings furnished the Telephone Co. a license number, it was then able to identify Atkinson. About ten days later, having investigated the matter, the company discharged Atkinson, a seventeen-year employee, advised Billings that he could obtain the name of the man in question through a proceeding to perpetuate testimony and agreed to an order allowing the appellant to obtain the wire tap device.

■ "In order to constitute one a wrong-doer by ratification the original act must have been done in his interest, or been intended to further some purpose of his own." Dillingham v. Anthony, 73 Tex. 47, 11 S.W. 139 (1889) ; Home Tel. & Electric Co. v. Branton, 7 S.W.2d 627 (Tex. Civ.App.1928, affirmed on other grounds) ; Sheffield v. Central Freight Lines, Inc., 435 S.W.2d 954 (Tex.Civ.App.1968, no writ).

Further, the appellant has not shown that any officer of the company even made any attempt to ratify Atkinson's acts, that his employer had knowledge of the facts and circumstances at the time, that it acquiesced in such acts or availed itself of any benefits of them.

■ The third item under the appellant's first point of error, that a fact issue was raised as to whether the Telephone Co. breached its contract to give the appellant a private telephone, is also overruled.

The appellant offered no proof as to the contents of whatever agreement he had with the company to furnish telephone services. He alleged that the company breached its contract by allowing a tap to be placed on his line, but no evidence was offered to show that the company ever agreed that it would completely prevent illegal wire tapping or that under no circumstances would conversations on his telephone lines be overheard or did he show that the company had allowed it to be done. The appellant neither alleged nor proved that the agreement was in writing. The company filed a general denial, so the appellant, as plaintiff, had the burden of proving his allegations.

■ Further, we believe the appellee cannot contract to furnish a completely private line. For example, as we stated in Carswell v. Southwestern Bell Telephone Co., Tex.Civ.App., 449 S.W.2d 805 (1969, no writ), we are of the view that the Telephone Co. could not validly enter into a contract that would preclude it from investigating, with the consent of a subscriber, upon complaint from such other subscriber, and, on probable cause, to determine whether a subscriber was misusing the company's facilities to make har-

assing calls to the complaining customer. And as stated in Bufalino v. Michigan Bell Telephone Co., 404 F.2d 1023 (6th Cir. 1968, cert. den.), if the appellant's contentions of absolute privacy were upheld, the telephone company could not carry on its business.

■ The appellant's second point of error is that the trial court erred in dismissing the Telephone Co. from the suit because under the doctrine of nuisance it owed a duty to Billings to protect him from wire tapping by its employee while the employee was on the job.

We find no merit to this point. The nuisance theory was not raised by the appellant's pleadings. The only case cited by the appellant, Klostermann v. Houston Geophysical Co., 315 S.W.2d 664 (Tex.Civ. App.1958, writ ref.), does not support this point of error, and we know of no Texas case holding that a telephone company owes an absolute duty to its subscribers under the nuisance doctrine to protect them against unauthorized acts of its employees, committed outside the scope of their employment.

■ We turn now to the points of error by which the appellant complains of the trial court's rulings in his suit against Atkinson. Appellant's third point of error complains of the granting of Atkinson's motion for judgment non obstante veredicto, which motion was based on the grounds that Billings' action was for an invasion of privacy, that wire tapping is an invasion of privacy and that no civil action can be maintained in the courts of the State of Texas for an invasion of privacy.

We overrule the point. In Milner v. Red River Valley Publishing Co., 249 S.W. 2d 227 (Tex.Civ.App.1952, no writ), the court stated:

"Appellants' asserted cause of action was for the violation of the right of privacy, as such. The right of privacy is defined as a personal right protecting the individual's 'right to be let alone.' Generally speaking, it is a wrongful invasion of that personal privacy which a person has as a part of his private life. The protection of a portion of such right is found under the common law, and in our statutes, under such classification as libel and slander, wrongful search and seizure, compulsory physical examinations, eavesdropping by others, property rights in one's own literary works, wire tapping, and other similar invasions into the private business and personal affairs of an individual in being.

"It was not until 1890, in an Article in 4 Harvard Law Review 193, that the right of privacy, as such, was recognized by any law writer of note. The right of privacy, as such, was not a common law right. Wilson v. Brown, 189 Misc. 79, 73 N.Y.S.2d 587; Wallach v. Bacharach, 192 Misc. 979, 80 N.Y.S.2d 37, affirmed 274 App.Div. 919, 84 N.Y.S. 2d 894; In re Hart's Estate, 193 Misc. 884, 83 N.Y.S.2d 635.

"Since the publication of the article in the Harvard Law Review, supra, such right has been recognized by a few of the States, but denied by many other States. See 54 Cor.Jur. 816, Right of Privacy; 41 Am.Jur. 926, sec. 4, Privacy; 18 Texas Law Review 356; 21 Texas Law Review 103.

"So far as we can ascertain, the question has never been passed upon in Texas.

"Our Texas courts are limited to the enforcement of rights under the common law as it existed on January 20, 1840, unless changed, modified, added to, or repealed by statute. Art. 1, V.A.T.S.; 9 Tex.Jur. 306–8, Common and Civil Law, secs. 8 and 9; 16 Am.Jur., Privacy, sec. 16, p. 936.

"The right of privacy as such not being recognized under the common law, as it existed when we adopted it, and our Legislature not having given such right

by statute, no recovery can be had in Texas under the facts in this record."

The Texas Supreme Court said in Harned v. E–Z Finance Co., 151 Tex. 641, 254 S.W.2d 81:

"Our very first statute declares that the common law of England, when not inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision and shall continue in force until altered or repealed by the Legislature. Art. 1, R.S.1925. See the recent case of Milner v. Red River Valley Pub. Co., Tex.Civ.App., 249 S.W.2d 227."

And in McCullagh v. Houston Chronicle Publishing Co., 211 F.2d 4 (5th Cir. 1954), it was stated:

"The law of Texas does not recognize a cause of action for a breach of a right of privacy. Some of the earlier Texas cases had inferred that such a cause of action might lie, but the Texas court in Milner v. Red River Valley Publishing Co., Tex.Civ.App., 249 S.W.2d 227, categorically denied the existence of a cause of action on this theory, and held that any right of this nature must arise under the libel statutes. The decisions of Texas courts have foreclosed any cause of action based on the invasion of privacy, and we are constrained to concur in the judgment of the court below. Guisti v. Galveston Tribune, 105 Tex. 497, 150 S.W. 874; Renfro Drug Co. v. Lawson, 138 Tex. 434, 160 S.W.2d 246, 146 A.L.R. 732; Harned v. E–Z Finance Co., 151 Tex. 641, 254 S.W.2d 81."

As we have noted, there is no evidence in the record in our case that there was any interception of a telephone message or any divulging, publishing or utilizing the contents of such a message. This being so, there would seem to have been no violation of Billings' privacy even if a remedy were afforded for protection of privacy by the laws of this state.

In Fowler v. Southern Bell Tel. & Tel. Co., 343 F.2d 150 (5th Cir. 1965), a case arising in Georgia, it was held that in right of privacy cases where the invasion consists of intrusion upon the plaintiff's physical solitude, such as wire tapping, the tort is complete when the phone is tapped and intimate conversations are listened to, neither of which was shown to have happened in our case.

Under the Communications Act of 1934, Sec. 605, 47 U.S.C.A., there can be no recovery of damages for wire tapping, based on that Act, in the absence of proof of both interception and divulgence of a message.

We overrule for the same reasons the appellant's fourth point of error, which complains of the trial court's refusal to submit two requested special issues that involved only the appellant's theory of right of privacy.

■ Appellant's fifth point of error is that the trial court erred in disregarding the jury findings, because the special issues were supported by evidence. The jury findings, as summarized, were that 1) Atkinson attached a wire tap device to Billings' telephone wires on or about June 7, 1967, 1a) Billings suffered more than nominal damages, 2) Atkinson's act was done with the intention to deprive Billings of the private use of his residence telephone, 3) Atkinson should have reasonably anticipated that such act of his would result in damages to Billings, 4) Billings suffered mental anguish as a result of Atkinson's said act, 5) such acts were a proximate cause of Billings' mental anguish, 6) to his damage in the amount of $10,000. and 7) Billings should be awarded $15,000. as exemplary damages.

In support of this point the appellant makes no reference to pages in the statement of facts where the supporting evidence may be found. Instead he again urges his theory of invasion of the right of privacy. He also argues that he should have been permitted to recover for mental

suffering unaccompanied by physical suffering because the wrong complained of was a willful one intended by the wrongdoer to produce mental anguish or from which such result should be reasonably anticipated as a natural consequence, citing Fisher v. Carrousel Motor Hotel, Inc., 424 S.W.2d 627 (Tex.Sup.1967). That holding does not support the appellant's position. In it the Texas Supreme Court pointed out that in Harned v. E–Z Finance Co., supra, it had refused to adopt the "new tort" of intentional interference with peace of mind which permits recovery for mental suffering in the absence of resulting physical injury or an assault and battery, but held that Fisher was entitled to recover actual damages from Carrousel for mental suffering due to his having suffered a willful battery, even in the absence of any physical injury. The court stated that the Harned case recognized the well established rule that mental suffering is compensable in suits for willful torts "which are recognized as torts and actionable independently and separately from mental suffering or other injury"; invasion of privacy is not such a tort in Texas.

▮ The last point of error is that the trial court erred in not allowing the appellant, over his objections, "to put on evidence in support of effort to alleviate mental anguish, because mental suffering is compensable in suits for willful torts."

The evidence is not set out in the brief, required by Rule 418, Texas Rules of Civil Procedure. Nor is there set out the particular ruling of the court complained of. We hold that no error is shown. Loyd v. Rumbaugh Trucking Co., 313 S.W.2d 542 (Tex.Civ.App.1958, writ ref. n. r. e.).

We also overrule this point for the same reasons we gave in overruling the fifth one.

The judgment of the trial court is affirmed.