John **KIMBROUGH**, Appellant,

v.

**COCA–COLA/USA et al., Appellees.**

**No. 4780.**

Court of Civil Appeals of Texas, Eastland.

April 4, 1975.

Rehearing Denied April 25, 1975.

Travis E. Vanderpool, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellant.

Robert A. Wooldridge, Dallas, Worsham, Forsythe & Sampels, Gary W. Maxfield, Elliott, Churchill, Hansen, Dyess & Maxfield, Dallas, P. M. Johnston, Estes, Sleeper, Williams, Johnston, Helm, Waco, for appellees.

RALEIGH BROWN, Justice.

This is a summary judgment case. John Kimbrough sued Coca-Cola/USA, Sports Communications, Inc., Bill Sansing, and Dave Campbell seeking damages for the unauthorized exploitation of his name, picture and reputation for commercial purposes. After a non-suit as to Dave Campbell was entered, the remaining defendants' joint motion for summary judgment was granted. Kimbrough appeals.

The record reflects that the defendants had developed a plan for a series of advertisements to be published in local sports publications. Under the plan the sports information director of the various Southwest Conference schools were contacted and requested to name a former football player from their school as its outstanding player. The selected player was then notified and told that defendants planned a series of paintings to honor the top players in Southwest Conference football history. The letter of notification stated each player was to receive an original painting with a reproduction going to his school and the new Texas Sports Hall of Fame. It also suggested a contemplated use of the paintings in a series of "institutional advertisements." John Kimbrough was selected to represent Texas A & M, was so notified and indicated acceptance.

Kimbrough in his deposition testifies the next thing he heard of the matter was a call from his daughter notifying him that his picture had been a part of the advertisement for Coca-Cola in the program at the SMU-Wake Forest football game. He testified he did not contemplate the use of his name and picture in an advertisement which had the commercial aspects of the one published and had not consented to such use.

Kimbrough pleaded multiple theories of recovery to-wit: violation of an absolute proprietary right, invasion of the right of privacy, fraud and misrepresentation, quantum merit, and unjust enrichment. Coca-Cola, Sports Communications, Inc., and Bill Sansing answered with general denials, and raised defensive issues of consent and negligence of Kimbrough.

Consideration shall first be given to defendants' argument that Kimbrough has not pleaded a cause of action. They contend the facts show he was a public figure and by his own admission the published material was not offensive or derogatory, therefore, the publication would not be actionable in Texas even if Kimbrough had

not consented. Such argument presents the issue as to whether a public person in Texas has a right of privacy against the unauthorized use of his name or picture for commercial purposes.

■ Although no such cause of action existed under the common law some jurisdictions have acknowledged the existence of such an actionable right.

The Supreme Court of Alabama while considering a suit by a radio announcer against a broadcasting company for unjust enrichment by use of announcer's name without a contract in Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314 (1953), ruled:

"A public character does relinquish a part of his right of privacy. 41 Am.Jur. 938, notes 4 to 7. But such a waiver is limited to that which may be legitimately necessary and proper for public information. Pavesich v. New England Mutual Life Ins. Co., 122 Ga. 190, 50 S.E. 68, 69 L.R.A. 101; 138 A.L.R. 61.

The privacy of a public personage may not be lawfully invaded by the use of his name or picture for commercial purposes without his consent, not incidental to an occurrence of legitimate news value, 41 Am.Jur. 941–943, sections 22 and 23;"

The Supreme Court of New Jersey in Arnold Palmer, Gary Player, Doug Sanders, and Jack Nicklaus v. Schonhorn Enterprises, Inc., 96 N.J.Super. 72, 232 A.2d 458 (1967), in considering a cause in which well-known professional golfers sought an injunction and damages for the unauthorized use of their names by defendant in conjunction with the manufacturer and sale of a game, stated:

"There is little doubt that a person is entitled to relief when his name has been used without his consent, either to advertise the defendant's product or to enhance the sale of an article."

The Court approved the following language from Gautier v. Pro-Football, Inc., 304 N.Y. 354, 107 N.E.2d 485 (Ct.App. 1952):

"While one who is a public figure or is presently newsworthy may be the proper subject of news or informative presentation, the privilege does not extend to commercialization of his personality through a form of treatment distinct from the dissemination of news or information."

The New Jersey Court further reasoned:

"It is unfair that one should be permitted to commercialize or exploit or capitalize upon another's name, reputation or accomplishments merely because the owner's accomplishments have been highly publicized."

Defendants argue that Kimbrough being a "public person" had no cause of action for violation of any proprietary right or right of privacy and cite in support of their position O'Brien v. Pabst Sales Company, 124 F.2d 167 (Fifth Cir., 1941). We distinguish O'Brien from the case at bar. In O'Brien the plaintiff a famous former football player, sued a beer company complaining that his name and picture had been used with a beer advertisement. He contended he did not and would not endorse beer; that he was damaged by the use of his picture so as to create the impression that he was endorsing beer.

The Court observed:

"The case was not for the value of plaintiff's name in advertising a product but for damages by way of injury to him in using his name in advertising beer."

In the case at bar Kimbrough seeks damages for the unauthorized appropriation and use of his name and likeness in an advertising program.

We find no Texas case directly in point as to whether Kimbrough has pleaded a cause of action. However, our Supreme

Court in Billings v. Atkinson, 489 S.W.2d 858 (Tex.1973), stated:

"The right of privacy is generally recognized and a preponderance of authority supports the conclusion that, independently of the common law rights of property, contract, reputation and physical integrity, the right exists and an invasion of the right gives rise to a cause of action. The numerous decisions supporting these propositions are cited in the following annotations: 138 A.L.R. 22, 168 A.L.R. 446, 14 A.L.R.2d 750 and 11 A.L.R.3d 1296.

Although the law of this State had not recognized a cause of action of a breach of the right of privacy, as such, the court in Milner v. Red River Pub. Co., [249 S.W.2d 227 (Tex.Civ.App.)] supra, did recognize that some of the right of privacy interests have been afforded protection under such traditional theories as libel and slander, wrongful search and seizure, eavesdropping and wiretapping, and other similar invasions into the private business and personal affairs of an individual."

In Billings, supra, our Supreme Court in defining the right of privacy applied the same definition as applied by the New Jersey court in *Palmer*, supra, stating:

"The right of privacy has been defined as the right of an individual to be left alone, to live a life of seclusion, to be free from unwarranted publicity. 77 C. J.S. Right of Privacy § 1. A judicially approved definition of the right of privacy is *that it is the right to be free from the unwarranted appropriation or exploitation of one's personality,* the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. 62 Am.Jur.2d, Privacy § 1, p. 677, and cases cited."

We hold Kimbrough has pleaded a cause of action for the unauthorized appropriation or exploitation of his name and likeness by the defendants and such cause is justiciable in Texas.

In support of their motion for summary judgment, defendants contend that the use of Kimbrough's name and likeness was not unauthorized but instead was with his consent. They argue such consent operated as a matter of law to bar any recovery by Kimbrough.

Our Supreme Court in Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970), stated the rule to be followed in rendering or affirming a summary judgment as follows:

"In such cases, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action."

The record includes the following letter from Bill M. Sansing on behalf of Sports Communications, Inc., to John Kimbrough:

"Mr. John Kimbrough  August 8, 1972
c/o Athletic Department
Texas A & M University
College Station, Texas  77843

Dear John:

Recently Dave Campbell's TEXAS FOOTBALL Magazine and Coca-Cola/USA have planned a series of paintings that will honor the top players in Southwest Conference football history. The purpose of these paintings is to promote college football in the Southwest, and provide today's fans with a reason to recall the foremost football stars of Southwest Conference play.

You have been selected by Texas A & M University as the outstanding football player in its history, and we look forward with enthusiasm to your approval of the project.

I enclose a copy of one of the series of paintings, which have been commissioned by Coca-Cola/USA, and are being executed by an extraordinary young Dallas artist, Ron Adair, who has a particular skill with sports and football art. Coca-Cola and TEXAS FOOTBALL Magazine will present to you the original painting, and, in addition, framed reproductions of the painting will be given to Texas A & M University and to its Athletic Department for their use. Another reproduction is being presented to the new Texas Sports Hall of Fame for a permanent record in the new building, which is now under way.

There is also a contemplated use of these paintings in a series of institutional advertisements in behalf of college footgall, in Dave Campbell's TEXAS FOOTBALL Magazines.

While no endorsement of any product is implied in the institutional nature of the proposed usage, we would not, of course, approach a project of this type without your complete approval. I enclose a stamped, self-addressed envelope for your use, and we would appreciate hearing from you as early as it is convenient to do so.

Incidentally, paintings in this series have been completed on Doak Walker of SMU, Elmo Wright of the University of Houston, Lance Alworth of Arkansas, Tommy Nobis of the University of Texas, and David O'Brien of TCU.

We look forward to hearing from you, and thank you for your cooperation.

Sincerely,

/s/ Bill Sansing
Bill M. Sansing"

Kimbrough responded by handwritten letter dated August 13, 1972:

"Dear Mr. Sansing,

I have received your letter concerning Texas Football Magazine and Coca-Cola/USA paintings and I am honored to represent Texas A & M.

I am looking forward to meeting you and Mr. Adair.
Sincerely,
/s/ John Kimbrough"

John Kimbrough testified by deposition:

"Q   Did you answer yes to Mr. Sansing's letter on 8–13–1972?

A   I agreed to pose for the picture or whatever you call it, you know.

Q   Is that what you mean when you say answered yes?

A   Yes.   That was our interpretation of it."

It is established that Kimbrough's name and likeness was used as a part of the Coca-Cola advertisement included in a football program.

It is stated in 62 Am.Jur.2d, Privacy § 19, p. 705:

"In order for waiver or consent to be asserted as a defense in bar to an action for invasion of privacy, the waiver or consent must be as broad and inclusive as the act or publication complained of. Consent may be asserted as a defense only where the consent has not been exceeded; consent which has been exceeded is not a defense."

Our Supreme Court in Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.1965), announced:

"The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him.   Tigner v. First

Nat'l Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. *Valley Stockyards Co. v, Kinsel,* 369 S.W.2d 19 (Tex.Sup. 1963); *Smith v. Bolin,* 153 Tex. 486, 271 S.W.2d 93 (1954)."

■ Applying the rule to the case at bar, we hold a material fact does exist as to the extent of the consent given by Kimbrough. Therefore, the defendants have failed in their burden.

The judgment is reversed and the cause is remanded.