**Roy P. BENAVIDEZ,**
**Plaintiff–Appellant,**

v.

**ANHEUSER BUSCH, INC.,**
**Defendant–Appellee.**

**No. 88–2779**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 23, 1989.

Frumencio Reyes, Jr., Reyes, Reyes & Reyes–Castillo, Houston, Tex., for plaintiff-appellant.

Edward G. Wierzbicki, Joseph Welch, Chicago, Ill., and Henry P. Giessel, Alice Giessel, Giessel, Stone, Barker & Lyman, Houston, Tex., for defendant-appellee.

Before REAVLEY, JONES and DUHE, Circuit Judges.

REAVLEY, Circuit Judge:

Appellant Roy P. Benavidez brought this suit against Anheuser Busch, Inc. ("ABI") alleging that ABI had misappropriated his name and likeness for commercial purposes. The district court, following a bench trial, entered judgment in ABI's favor. We affirm.

I. Background

In the early 1980s, Busch Creative Services Corporation, a communications company that is a wholly owned subsidiary of Anheuser Busch Companies, Inc.,[1] produced a documentary recounting the exploits of Hispanic Congressional Medal of Honor recipients. Both the original slide presentation and the subsequent film version of the documentary were made at the request of the National Association of Latino Elected and Appointed Officials ("NALEO") and were prepared from information supplied by the Department of Defense. In an eighty second segment of the thirteen minute film, titled "Heroes," the heroic conduct of Roy Benavidez is depicted. During this segment, Benavidez's name is used and drawn illustrations of his likeness are displayed. Busch Creative Services neither asked for nor was given Benavidez's permission to tell his story.

The Corporate Relations Department of Anheuser Busch Companies, Inc., which is responsible for the corporation's relationship with the Hispanic community, both supervised and paid for the "Heroes" project. The company then made the film available to schools, government agencies, veterans organizations, and Hispanic organizations that requested it. In addition, the film may have been shown at one or more conventions where Anheuser Busch Companies, Inc. financed hospitality centers.[2] At these hospitality centers, the company distributes free refreshments from its subsidiaries, including beer from ABI, and provides a separate seating area where people may sit and watch brief film documentaries.

Alleging that ABI had misappropriated his name and likeness for its own use and benefit, Benavidez filed this suit against ABI in Texas state court. ABI removed

1. Anheuser Busch Companies, Inc. is a holding corporation for several subsidiary corporations, two of which are ABI and Busch Creative Services Corp.

2. Conflicting evidence was presented on this issue. The district court found it unnecessary to resolve the conflict in reaching its decision.

the case to federal court where the judgment for ABI resulted.

## II. Discussion

It is well established that "[o]ne who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy." *Restatement (Second) of Torts,* § 652C (1977); *see also Kimbrough v. Coca–Cola/USA,* 521 S.W.2d 719 (Tex.Civ. App.—Eastland 1975, writ ref'd n.r.e.) (recognizing cause of action for misappropriation under Texas law). " 'To prove a cause of action for misappropriation, a plaintiff must show that his or her personal identity has been appropriated by the defendant for some advantage, usually of a commercial nature, to the defendant.' " *Moore v. Big Picture Co.,* 828 F.2d 270, 275 (5th Cir.1987) (quoting *National Bank of Commerce v. Shaklee Corp.,* 503 F.Supp. 533, 540 (W.D.Tex.1980)).

Benavidez correctly asserts that his status as a public figure does not dispose of his claim. " 'While one who is a public figure or is presently newsworthy may be the proper subject of news or informative presentation, the privilege does not extend to commercialization of his personality through a form of treatment distinct from the dissemination of news or information.' " *Kimbrough,* 521 S.W.2d at 721 (quoting *Gautier v. Pro–Football, Inc.,* 304 N.Y. 354, 107 N.E.2d 485 (Ct.App.1952)). The question, therefore, is whether ABI commercialized Benavidez's personality. We agree with the district court that ABI did not.

Benavidez concedes that "[t]aken alone, the film is merely an inoffensive documentary." This much is clear. As the district court found, "Heroes" was "prepared and produced as a public service film and for educational purposes." The film simply documents facts about Benavidez and other Hispanics who made heroic contributions to American military efforts. It does not advertise or promote ABI or its products in any way. The film's only reference to ABI whatsoever is the innocuous statement, shown in the credits at the end of the film,

that "Heroes" was "[m]ade possible by Anheuser Busch, Inc. and its family of wholesalers."

Benavidez argues, however, that by showing "Heroes" at hospitality centers where company and product logos were prominently displayed and where free beer was being distributed, ABI made the film "much more than a mere documentary." He maintains that ABI showed the film in an attempt to capitalize on Benavidez's good name and reputation and thereby benefit commercially from it. As we noted earlier, the district court left unresolved the question of whether ABI actually showed the film "Heroes" at any convention. We agree that it was unnecessary to resolve this question, for even if the film was shown in the manner described, that would not transform the otherwise unobjectionable documentary into a commercial advertisement for ABI.

By telling Benavidez's story in the documentary, the makers of the film were not undertaking to increase the sales of ABI's products. *See Faloona v. Hustler Magazine, Inc.,* 607 F.Supp. 1341, 1360 (N.D. Tex.1985), *aff'd,* 799 F.2d 1000 (5th Cir. 1986), *cert. denied,* 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987). Nor has Benavidez demonstrated that ABI held that intent in showing the film. No beer was sold at the hospitality centers where "Heroes" allegedly was shown. No orders for beer were solicited or taken. No convention goer was forced to watch the film in order to receive the free refreshments. Undoubtedly Anheuser Busch Companies, Inc. and ABI may enjoy increased goodwill in the Hispanic community as a result of the production and showing of "Heroes." This incidental benefit, however, does not rise to the level of commercial benefit sufficient to support a claim for misappropriation.

AFFIRMED.