**DISSENT; and Opinion Filed December 20, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-17-00855-CV

---

**APEX FINANCIAL CORPORATION, Appellant**
**V.**
**LOAN CARE, Appellee**

---

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-05921**

---

## DISSENTING OPINION
Opinion by Justice Boatright

Texas Rule of Appellate Procedure 38.9(b) allows us to postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of a case when we determine that a brief does not properly cite authorities. We have determined that Apex's brief does not cite authorities, but we are not ordering anything related to satisfactory submission; we are ordering that the trial court's judgment be affirmed. Rule 42.3 allows us to affirm an appealed judgment on our own initiative after giving ten days' notice to all parties if an appellant fails to comply with appellate rules, but we have not given the parties notice of anything.

The majority does not identify any text of any rule that would allow us to do what we are doing today. Instead, the majority cites the Texas Supreme Court's 1994 *Fredonia* opinion for the proposition that appellate courts have discretion to deem a point waived or to allow rebriefing. However, the *Fredonia* court reviewed Texas Rule of Appellate Procedure 74(p), which was

repealed and replaced in 1997. A few faint traces of old rule 74(p) do survive in current rule 38.9(a), but it addresses formal defects and is irrelevant to this case. The majority also cites opinions of our Court pouring parties out for defective briefing, but none identified text in a current rule that would allow us to do what the majority is doing here.

The Texas Rules of Appellate Procedure do not just govern the parties that appear before us, they govern us too. Yes, Apex has violated the rules, but so have we. Therefore, I dissent.

*A note about judicial power*

Article V, section 31 of the Texas Constitution expressly requires the Texas Supreme Court to promulgate rules of administration and procedure. It also expressly authorizes the Legislature to delegate other rulemaking power to the Supreme Court and Court of Criminal Appeals. No statute authorizes intermediate courts of appeal to amend rules that were enacted by the Legislature or promulgated by the Supreme Court or Court of Criminal Appeals.

Equity and the common law do not authorize us to amend those rules, either. Recall that equity and the common law are joined in Texas. And in 1840, the Congress of the Republic approved an act establishing the common law of England as the rule of decision until altered or repealed by Congress. Accordingly, we held in *Milner v. Red River Valley Pub. Co.*, 249 S.W.2d 227, 229 (Tex. App.—Dallas 1952, no writ), that Texas courts are limited to the enforcement of rights under the common law as it existed in 1840 unless changed by statute. In this way, we recognized that the common law is a pre-existing body of fixed legal rules. The 1840 act was codified without substantive revision as section 5.001 of today's Civil Practice & Remedies Code, so the common law continues to be the rule of decision rather than a system of judicial lawmaking.

Nor does stare decisis allow us to amend the rules. Stare decisis is a principle that helps courts maintain uniform common-law rules. It has been adapted for use in codified legal systems to promote consistent judicial decision-making from courts of last resort down through

intermediate courts of appeals and trial courts. Logically, stare decisis does not work the other way around; it does not let us replace the text of a rule promulgated by a higher court with a text that the higher court repealed long ago.

<div align="center" style="margin-left:40%">

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

</div>

170855DF.P05