■ DOWNTOWN WOMEN'S CENTER, INC., et al., Appellants, v CATHY CARRON et al., Respondents. (And a Third-Party Action.) [655 NYS2d 479] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 29, 1996, which, *inter alia*, granted defendants' and third-party defendants' motions for summary judgment dismissing the complaint and the third-party complaint, unanimously affirmed, with costs.

The IAS Court correctly found that plaintiffs' patient list, left unprotected on a centralized computer accessible to all persons in the medical suite sharing or using the computer, did not qualify as a trade secret (*see, Ashland Mgt. v Janien*, 82 NY2d 395, 407; *Defiance Button Mach. Co. v C & C Metal*

*Prods. Corp.*, 759 F2d 1053, 1063, *cert denied* 474 US 844). Nor does the complaint contain an allegation that third-party defendants actually breached their contract with plaintiffs, necessary to any cause of action for tortious interference with contract (*see, Inselman & Co. v FNB Fin. Co.*, 41 NY2d 1078, 1080). As the IAS Court noted, the complaint alleges only that the subject contract had to be "renegotiated" because of defendants' alleged interference. We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Tom and Andrias, JJ.