146 F.3d 63
 Mark A. D'ANDREA, Plaintiff-Appellant,
v.
Sameer RAFLA-DEMETRIOUS and Methodist Hospital of Brooklyn,
Defendants-Appellees,
American Board of Radiology and Kenneth L. Krabbenhoft, in
his capacity as Secretary and Executive Director
of the American Board of Radiology, Defendants.
 Docket No. 97-9416.
 United States Court of Appeals,
Second Circuit.
 Argued April 27, 1998.
Decided May 27, 1998.
 
 Steven Horowitz, New York, New York, for Plaintiff-Appellant.
 Lee S. Siegel, Aaronson, Rappaport, Feinstein & Deutsch, New York, New York, for Defendants-Appellees.
 Before: VAN GRAAFEILAND, MESKILL, and CABRANES, Circuit Judges.
 
 PER CURIAM :
 
 1
 Plaintiff-appellant Mark A. D'Andrea, a former medical resident in the Radiation Oncology Department of the Methodist Hospital of Brooklyn ("Methodist"), appeals from the orders and judgment of the United States District Court for the Eastern District of New York (John Gleeson, Judge ) granting defendants summary judgment on D'Andrea's claims under New York common law for breach of contract, tortious interference with contractual relations, tortious interference with prospective economic gain, and prima facie tort, and granting defendants judgment as a matter of law on D'Andrea's invasion of privacy claim. Plaintiff appeals the district court's rulings insofar as they dismissed his claims for breach of contract, tortious interference with contractual relations, and invasion of privacy. We now affirm, substantially for the reasons stated by the district court. See D'Andrea v. Rafla-Demetrious, 3 F.Supp.2d 239 (E.D.N.Y.1996) (breach of contract and tortious interference with contractual relations claims); D'Andrea v. Rafla-Demetrious, 972 F.Supp. 154 (E.D.N.Y.1997) (invasion of privacy claim).
 
 
 2
 The district court's opinion granting summary judgment provides a detailed rendition of the facts of this case, which we here summarize only briefly. See D'Andrea, 1996 WL940209. D'Andrea brought thisdiversity action against Methodist and the director of his residency program, Dr. Sameer Rafla-Demetrious ("Rafla"), in June 1992. He alleged, inter alia, that Rafla interfered with D'Andrea's obtaining certification by the American Board of Radiology ("ABR") by sending the ABR a letter that inaccurately reported his attendance record during his residency and that indicated that, in Rafla's opinion, D'Andrea needed "a further training period of 4 months." D'Andrea argued that he had a contract with the ABR, and that Rafla's letter, by prompting the ABR to require of him an additional four months of training, amounted to tortious interference with contractual relations because it made it more difficult for D'Andrea to perform his contractual obligations to the ABR. The district court granted summary judgment on all of D'Andrea's claims except the invasion of privacy claim, which was tried to a jury. At the close of plaintiff's case, the court granted judgment as a matter of law for defendants on the sole remaining claim of invasion of privacy. With regard to the breach of contract and invasion of privacy claims, we adopt the reasoning of the district court opinion, and we affirm for the reasons stated therein. See D'Andrea, 3 F.Supp.2d at 245-49 (breach of contract claim); D'Andrea, 972 F.Supp. at 156-58 (invasion of privacy claim).
 
 
 3
 Judge Gleeson granted summary judgment on D'Andrea's tortious interference with contractual relations claim on the ground that D'Andrea had not alleged that defendants' actions caused an actual breach of contract. He observed, however, that "New York courts and federal courts in New York have provided inconsistent statements as to whether this cause of action requires an actual breach." Subsequent to Judge Gleeson's order, the New York Court of Appeals reiterated that "[e]ver since tortious interference with contractual relations made its first cautious appearance in the New York Reports ... breach of contract has repeatedly been listed among the elements of a claim of tortious interference with contractual relations." NBT Bancorp, Inc. v. Fleet/Norstar Financial Group, Inc., 87 N.Y.2d 614, 620-21, 641 N.Y.S.2d 581, 584, 664 N.E.2d 492, 495 (1996); see also Lama Holding Co. v. Smith Barney, 88 N.Y.2d 413, 424, 646 N.Y.S.2d 76, 82, 668 N.E.2d 1370, 1375 (1996) (elements of tortious interference with contract include "actual breach of the contract"); Downtown Women's Center, Inc. v. Carron, 237 A.D.2d 209, 210, 655 N.Y.S.2d 479, 480 (1st Dep't 1997) (actual breach is "necessary to any cause of action for tortious interference with contract").
 
 
 4
 On appeal, D'Andrea argues that in a case such as this one, where the plaintiff alleges that the defendant interfered with performance of the plaintiff's own contractual obligations, New York courts would apply a different rule than in a case where the defendant is alleged to have interfered with performance of contractual obligations by a third party. Specifically, D'Andrea suggests that where the defendant interferes with performance by the plaintiff, the plaintiff need not demonstrate "actual breach" and will adequately state a claim by showing that the defendant made performance by the plaintiff "more time-consuming and expensive." Essentially, D'Andrea argues that New York courts would follow the rule stated in the Restatement (Second) of Torts § 766A, which provides that "[o]ne who intentionally and improperly interferes with the performance of a contract ... between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him." (emphasis added).
 
 
 5
 The New York courts have never expressly adopted Section 766A. In Burns Jackson Miller Summit & Spitzer v. Lindner, 59 N.Y.2d 314, 464 N.Y.S.2d 712, 451 N.E.2d 459 (1983), the New York Court of Appeals observed that "[n]o New York case recognizing such a [Section 766A] cause of action has been cited or has been found by us. We need not, however, decide whether such a cause of action should be recognized by us in other situations." Id., 464 N.Y.S.2d at 722, 451 N.E.2d at 468. We find no subsequent New York cases indicating that the New York courts have since adopted Section 766A or clearly suggesting that they would be inclined to do so. Absent such authority, we decline to hold that the New York courts would recognize an exception to the rule requiring "actual breach" in order to state a claim for tortious interference with contractual relations. Because there was no breach of contract in the instant case, D'Andrea's tortious interference with contractual relations claim must fail. Accordingly, we agree with the district court that defendants were entitled to summary judgment as to this claim, and the judgment of the district court is affirmed.